# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 3:14-cr-159 |
| | | | District Judge Thomas M. Rose |
| - vs - | | | Magistrate Judge Michael R. Merz |
| CURTIS COWEN, JR., | | | |
| | Defendant. | : | |

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court for initial review of Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 50).  Rule 4 of the Rules Governing § 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

As with all other collateral attacks on criminal judgments at the Dayton seat of court, the § 2255 Motion has been referred to the undersigned (General Order Day 13-01).

Defendant's claim is that his base offense level under the Sentencing Guidelines was set at 20 because he was previously convicted of involuntary manslaughter in the Miami County Common Pleas Court on November 2, 2001, before the offense in this case occurred. He asserts that, at the time he was sentenced, involuntary manslaughter qualified as a crime of violence only under the residual clause of U.S.S.G. § 4B1.2(a)(2) (Motion, ECF No. 50, PageID 137-38, citing *State v. Lee,* Case No. 14 MA 120 (7th Dist. Feb. 11, 2016), and *United States v. Sanders,* 97 F.3d 856, 860 (6th Cir. 1996).

In *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States,* 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). The residual clause of the career offender Sentencing Guideline, U.S.S.G. § 4B1.2(a)(2), is unconstitutional on the same basis as *Johnson. United States v. Pawlak*, ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

The Magistrate Judge assumes *arguendo* and without deciding that Defendant's analysis is correct, i.e., that involuntary manslaughter in Ohio qualifies as a crime of violence only under the residual clause. It is correct that Defendant was assigned a base offense level of 20 by the Probation Department as a result of this involuntary manslaughter conviction. (Presentence Investigation Report "PSR", ¶ 27.) If that conviction is for a crime of violence only pursuant to the residual clause, then it can no longer qualify under *Pawlak*.

However, eliminating the involuntary manslaughter conviction does not change the result in this case. U.S.S.G. § 2K2.1(a)(4) provides for a base offense level in this case of 20 if Cowen

had at the time "one felony conviction of either a crime of violence **or** a controlled substance offense." (Emphasis supplied.) The PSR reports that Cowen had a conviction in the Montgomery County Common Pleas Court on May 22, 1997, for trafficking in cocaine (PSR, ¶ 39). That conviction qualifies as a controlled substance offense under U.S.S.G. § 4B1.2(b). Thus Cowen was properly given a base offense level of 20 without regard to whether the involuntary manslaughter conviction qualifies as a conviction for a crime of violence.

**Conclusion**

Because the disqualification of Cowen's conviction for involuntary manslaughter would have no effect on the Sentencing Guideline range in this case, Cowen's § 2255 Motion raises a moot point and should therefore be dismissed on the merits. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 27, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).