# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:14-cr-159
                                                  Also 3:16-cv-247

                                                  District Judge Thomas M. Rose
- vs -                                     Magistrate Judge Michael R. Merz

CURTIS COWEN, JR.,

          Defendant.    :

## ORDER WITHDRAWING REPORT AND RECOMMENDATIONS; ORDER FOR ANSWER

       This case is before the Court on Petitioner's Objections (ECF No. 53) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 52). Judge Rose has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 54).

       Defendant Curtis Cowen, Jr.,[1] seeks relief under 28 U.S.C. § 2255 from his sentence in this Court to imprisonment for a term of forty-eight months upon his guilty plea and conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for being a convicted felon in possession of a firearm. In his instant § 2255 Motion, Cowen seeks to have the Court disqualify his 2002 conviction for involuntary manslaughter as warranting enhancement under U.S.S.G. § 2K2.1 on

---

[1] Although counsel has spelled the name "Cowan" in the motion papers, Defendant is identified on the docket and in the Presentence Investigation Report ("PSR") as Curtis Cowen, Jr.. That spelling will be used by the Court.

1

the grounds that the manslaughter conviction is no longer a qualifying predicate offense under *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), where the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015).

The Report assumed the accuracy of Cowen's analysis under Johnson, but concluded:

> However, eliminating the involuntary manslaughter conviction does not change the result in this case. U.S.S.G. § 2K2.1(a)(4) provides for a base offense level in this case of 20 if Cowen had at the time "one felony conviction of either a crime of violence **or** a controlled substance offense." (Emphasis supplied.) The PSR reports that Cowen had a conviction in the Montgomery County Common Pleas Court on May 22, 1997, for trafficking in cocaine (PSR, ¶ 39). That conviction qualifies as a controlled substance offense under U.S.S.G. § 4B1.2(b). Thus Cowen was properly given a base offense level of 20 without regard to whether the involuntary manslaughter conviction qualifies as a conviction for a crime of violence.

Cowen now objects that regardless of whether the May 22, 1997, conviction was a controlled substance offense, it received no criminal history points and thus is not to be counted (Objections, ECF No. 53, PageID 150). Cowen is correct that the PSR assessed no criminal history points for the trafficking in cocaine conviction (PSR ¶ 39). He is also correct in his reading of Application Note 10 to U.S.S.G. § 2K2.1. Accordingly, the Report is WITHDRAWN.

It does not plainly appear from the face of the motion, the annexed exhibits, and the prior proceedings in the case that Defendant is not entitled to relief. Accordingly, it is hereby ORDERED that the United States Attorney shall, not later than August 8, 2016, file an answer

conforming to the requirements of Rule 5 of the Rules Governing §2255 Cases. Specifically, said answer shall respond to each allegation made in the Motion, raise any affirmative defenses available to the United States, and state whether Defendant has previously received an evidentiary hearing on any of the matters he now raises or whether he is entitled, in the Government's view, to an evidentiary hearing in this proceeding.

Defendant may, not later than twenty-one days after the Answer is filed, file and serve a reply or traverse to the Answer. If the Government files a motion to dismiss, Defendant's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a).

July 7, 2016.

s/ *Michael R. Merz*  
United States Magistrate Judge