IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
WESTERN DIVISION

UNITED STATES OF AMERICA            CASE NO. 3:14CR159

     Plaintiff

-vs-                                                           JUDGE THOMAS M. ROSE

CURTIS COWEN JR.

     Defendant

---

ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (Doc.67)

---

This matter comes before the Court on Defendant's Motion to Terminate Supervised Release (Doc. 67) filed July 27, 2018.

On April 24, 2015, the Court sentenced Defendant to forty eight (48) months imprisonment on three counts to run concurrent to each other. In addition, the Court sentenced Defendant to three (3) years of supervised release. Defendant was released on supervised release in December of 2016 and has served over nineteen (19) months. Defendant now seeks early termination of his term of supervised release pursuant to 18 U.S.C. Section 3583(e)(1). The Probation Department opposes the Defendant's Motion and the government defers to the Probation Department's position.

Pursuant to 18 U.S.C. 3583(e)(1), the Court may, after considering certain factors set forth in Section 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if the Court is satisfied that termination is "warranted by the conduct of the defendant" and the "interest of justice". In making this determination, the statute directs the Court to consider many of the same factors that it previously considered in imposing the initial sentence, including: the nature and circumstances of the offense, the defendant's history and characteristics, deterrence, protection of the public, the need to avoid unwarranted disparities, the need to provide the defendant with training, medical care, or other treatment, the applicable sentencing range and policy statements from the U.S. Sentencing Commission and

restitution. 18 U.S.C. Section 3553 (a)(1) through (a)(7). "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior" *United States. v Atkin*, 38 Fed. Appx. 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F3d 32, 35 (2nd Cir. 1997)

In this case, Defendant plead guilty to a serious charge. Now in support of his request for early termination, Defendant notes that he has complied with his terms of supervision. However, it must be noted that Defendant is also currently on supervision with the Adult Parole Authority and committed this offense while on Post Release Control. During this supervision Defendant has not been totally compliant with a number of aspects of supervision. Specifically, he has failed to show and reschedule appointments with probation, as well as failing to maintain all appointments with NOVA. Although Defendant has complied with many of the other conditions of supervision, for which he should be commended, he has done what is expected of any person on supervised release. Compliance with supervised release conditions does not constitute "exceptionally good behavior" or other changed circumstances warranting early termination. See *United States v. McKay* 352, F. Supp. 2d 359, 361 (E.D.N.Y. 2005) ("Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination".)

Therefore, it is hereby ordered that Defendant's Motion for Early Termination of Supervised Release (Doc. 67) is DENIED.

IT IS SO ORDERED.

August 24, 2018                                        *s/Thomas M. Rose

_____

**JUDGE THOMAS M. ROSE**